IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON, PLAINTIFF ) NO.3: 17-CV-0070
v. ) JUDGE: LENIHAN
JONATHAN BARNHART et al ) MOTION FOR SANCTION FOR THE FAILURE TO COMPLY
) WITH COURT ORDER, DATED 12.20.19, DOC#160

I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE CAPTIONED

1. PLAINTIFF MOVES THIS COURT WITH A MOTION FOR SANCTION AGAINST DEFENDANTS FOR THE FAILURE TO FULLY COMPLY TO COURT ORDER, DATE: 12.20.19, DOC#160

2. ON 12.20.19, THE COURT GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY, DOC#145, GRANTING REQUEST FOR DOCUMENTS AT 2-6; CONCERNING DEFENDANTS; B. COSTEA, WILLIAM BOWERS, HEIDI SROKA, R. PISCHOCK, ROBERT SNYDER, PHILLIP MAUST, BRIAN P. HYDE, LT. CINKO, J.R. McDANNELL, M.J. FOSTER, K. TURNER; MARK MAYLE, JONATHAN BARNHART

3. TO DATE! DEFENDANTS HAVE FAILED TO PROVIDE PLAINTIFF WITH THE DOCUMENTS CRUCIAL TO PLAINTIFF EXECUTING THIS CASE; CITE IN DOC#145 AT 2-6

4. DEFENDANTS OPEN-N-BLATANT NONCOMPLIANCE TO COURT ORDER, 12.20.19, WARRANT SANCTIONS PURSUANT TO FRCP 37; AND DEFAULT AGAINST DEFENDANT PURSUANT TO FRCP 55

**FILED**
MAR 03 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN LIGHT OF THE FOREGOING PLAINTIFF MOTION FOR SANCTIONS AGAINST DEFENDANTS SHOULD BE GRANTED

DATED: 2.27.20

"RESPECTFULLY SUBMITTED"
S/Henry Unseld Washington
HENRY UNSELD WASHINGTON
AM-3086
PRO SE

MOTION FOR SANCTIONS: 3:17-CV-0070   (1)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON
                    PLAINTIFF
          V.
JONATHAN BARNHART Defendants et al.

NO. 3:17-CV-0070
JUDGE: LENIHAN
PLAINTIFF BRIEF IN SUPPORT OF PLAINTIFF
MOTION FOR SANCTIONS AGAINST DEFENDANTS

I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE CAPTION:

1. PLAINTIFF MOVES THIS COURT WITH A BRIEF IN SUPPORT OF PLAINTIFF MOTION FOR SANCTIONS AGAINST DEFENDANTS, B. COSTEA, WILLIAM BOWERS, HEIDI SROKA, M.J. FOSTER, R. PESCHOCK, ROBERT SNYDER, PHILLIP MAUST, BRIAN P. HYDE, LT. CHINKO, J.R. McDANNELL, K. TURNER, MARK MAYLE, JONATHAN BARNHART.

2. THIS IS A 42 USC 1983 ACTION FILED BY A PRISONER, PRO SE, INCARCERATED AT SCI-SOMERSET, SEEKING DAMAGES, i.e. COMPENSATORY-PUNITIVE-N-EMOTION MONETARY DAMAGES, A DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF BASED ON PRISON OFFICIALS ACTS OF CRUEL-N-UNUSUAL PUNISHMENT, FREEDOM OF SPEECH, AND EQUAL PROTECTION

THIS MOTION SEEKS SANCTIONS AGAINST DEFENDANTS FOR DEFENDANTS FAILURE TO PROVIDE DEFENDANTS WITH DOCUMENTS REQUESTED IN DOC#160; 145 AT 2-6, CITED BELOW; APPROVED PURSUANT TO COURT ORDER, DATED: 12.20.19; PURSUANT TO FRCP 37

TO DATE! DEFENDANTS PESCHOCK, R., AND WILLIAM L. BOWERS, BOTH HAVE FAILED TO COMPLY TO THE DICTATES OF DOC#'S 145; 160; TO PROVIDE DOCUMENTS COMPILED DURING THE AUGUST 2015 - 2019 SEASONS OF BASKETBALL-SOFTBALL-FOOTBALL-N-VOLLEYBALL, AND A ROSTER OF THE INMATES ASSIGNED TO HOUSE IN 64-CELL ON AB UNIT; THE NOTES COMPILED BY FORMER AB COUNSELOR CONCERNING PLAINTIFF WEIGHT TAKEN WEEKLY FOR MONTHS, PLAINTIFF COMPLAINTS OF BEING DENIED MEDICAL CARE; THE MONTHLY PAY OF ALL SPORTS OFFICIALS

3. PLAINTIFF ALLEGED THAT DEFENDANTS R. PESCHOCK AND WILLIAM L. BOWERS VIOLATED PLAINTIFF CONSTITUTIONALLY PROTECTED RIGHTS OF FREE SPEECH, AND EQUAL PROTECTION UNDER 1st AND 14th AMENDMENTS; BASED UPON PLAINTIFF RACE-N-AGE
Doc#63 AT 201; 202; 212; 213; 246; 247; 263-265; 368; 385; 389; 28; 47; 89-91

4. PLAINTIFF ALLEGED THAT DEFENDANT R. PESCHOCK, ACTIVITIES SPECIALIST CONDUCT CAUSED PLAINTIFF THE DAMAGES OF WORK HOURS, WHICH MEANS LESS PAY. DEFENDANT, PESCHOCK IS RESPONSIBLE FOR ASSIGNING SPORTS OFFICIALS TO JOB ROLES, AND LOGGING THE WORK HOURS OF OFFICIALS, THEREFORE, THE DOCUMENTS REQUESTED ARE

BRIEF: SUPPORT OF SANCTIONS: 3:17-CV-0070 (1)

CENTRAL TO PLAINTIFF ILLUSTRATING THAT THERE WAS A VAST DIFFERENCE. THE DOCUMENTS REQUESTED ARE CURRENTLY ARE READILY AT DEFENDANT, PESCHOCK ACCESS; CONSISTING A LISTING OF ALL OFFICIALS NAMES-N-PAY FOR THE TIME SPAND OF AUGUST 2015-2019 SEASONS OF BASKETBALL, FOOTBALL, SOFTBALL, VOLLEYBALL, Doc# 133 2②; AND THEIR PAY FOR THIS TIME SPAND

5. PLAINTIFF ALLEGED WILLIAM L. BOWERS, DEFENDANT, A BLOCK UNIT MANAGER, WHO ASSIGNED INMATES TO HOUSED IN A PARTICULAR CELL ON A BLOCK; A BLOCK COUNSELORS, PSYCHOLOGISTS, SOCIAL WORKER, DAY ROOM GAMES SPECIALIST, A BLOCK DOC STAFF ARE UNDER DEFENDANT, BOWERS COMMAND; WHAT FOLLOWS IS ALL BLOCK MEMOS, INFORMATION PLACED IN THE INMATE RECORD, ALL NOTATIONS CONCERNING A BLOCK INMATES COMPILED BY ALL COUNSELOR, PSYCHOLOGISTS, SOCIAL WORKER, DAY ROOM GAME SPECIALIST, ALL A BLOCK DOC STAFF ARE REPORTED TO DEFENDANT, BOWERS. THEREFORE, ANY-N-ALL INFORMATION CONCERNING PLAINTIFF WEIGHT, PSYCHOLOGICAL PROBLEMS, COMPLAINTS OF BEING DENIED MEDICAL CARE, PLAINTIFF APPROVAL TO POSSESS 9-BOXES OF PROPERTY INSIDE OF PLAINTIFF CELL. ARE IN DEFENDANT, BOWERS POSSESSION.

N.B. DEFENDANT, BOWERS ON MORE THAN ONE OCCASION DEFENDANT, BOWERS DECLARED TO PLAINTIFF THAT DEFENDANT, BOWERS HAS THESE DOCUMENT IN HIS POSSESSION.

THEREFORE, PLAINTIFF REQUEST OF A ROSTER CONSISTING OF THE NAMES-N-NUMBER OF ALL INMATES WHOM WERE ASSIGNED TO HOUSE IN 2014 CELL ON AB POD DURING THE JANUARY 2017 THROUGH-FEBRUARY 2019; MEMOS-N-NOTATIONS CONCERNING PLAINTIFF COMPLAINTS OF BEING DENIED MEDICAL CARE-N-PSYCHOLOGICAL PROBLEMS, WEIGHT, AND APPROVAL FOR 9-BOXES OF PERSONAL PROPERTY INSIDE OF HIS CELL ARE ALL IN DEFENDANT, BOWERS POSSESSION AND/OR AT HIS READILY ACCESS.

N.B. SUCH DOCUMENTS WILL ILLUSTRATE THAT DEFENDANT, BOWERS ALLEGED MISCONDUCT VIOLATED PLAINTIFF CONSTITUTIONAL PROTECTED RIGHTS TO BE FREE FROM CRUEL-N-UNUSUAL PUNISHMENT, FREE SPEECH-N-EQUAL PROTECTION GUARANTEED BY THE 1st, 8th, AND 14th AMENDMENT; BASED ON RACE-N-RETALIATION

SEE, Doc#63 AT 272-275, 368, 387, ALSO: 28, 42, 47

## STATEMENT OF FACTS

6. ON OR NEAR 12.1.19, PLAINTIFF FILED A MOTION FOR DISCOVERY PER ORDER DATED 10.1.19. DEFENDANT, BOWERS RESPONDED IN RETALIATIONS BY TRANSFERRING PLAINTIFF TO A HOUSING UNIT THAT EXACERBATED PLAINTIFF PSYCHOLOGICAL PROBLEMS, AND PHYSICAL AILMENTS. TO DATE! DEFENDANTS, PESCHOCK-N-BOWERS HAVE FAILED TO PROVIDE THE PLAINTIFF WITH THE NECESSITIES APPROVED BY THE COURT CITED ABOVE. DEFENDANTS, PESCHOCK-N-BOWERS CONTINUING MISCONDUCT IS DEPRIVING PLAINTIFF 1st, 8th, AND 14th AMENDMENTS, PLAINTIFF HAS SUBMITTED LETTERS, AND REQUEST TO STAFF TO SCI-SOMERSET, AND SPOKEN TO SCI-SOMERSET WARDEN-N-DEPUTY WARDENS, UNIT MANAGER, PSYCHOLOGIST. DEFENDANTS RESPONSE-N-NON ACTION IMPLIES WHITES CONCERNS COMES FIRST, PLAINTIFF LIKE ALL

BRIEF: SUPPORT OF SANCTIONS: 3:17-CV-0070 ②

BLACKS ALWAYS WANTING HAND OUTS, AND ALREADY HAVE OBAMA CARE. WITHOUT SUCCESS TO PERSUADE DEFENDANTS TO FULLY COMPLY WITH DOC#S 145; 160, WITHOUT PLAINTIFF RESORTING TO A REQUEST FOR SANCTIONS.

## ARGUMENT

7. COURT ORDER 12.20.19, GRANTED IN PART PLAINTIFF MOTION FOR DISCOVERY, WHICH PROVIDES, INTER ALIA "THE COMMONWEALTH DEFENDANTS HAVE INDICATED THAT THEY DO NOT OPPOSE THE GRANT OF PLAINTIFF MOTION FOR DISCOVERY (Doc#156); THEREFORE THE MOTION IS GRANTED AS TO THOSE DEFENDANTS. A RESPONSE IS DUE WITHIN 30 DAYS FROM TODAY PURSUANT TO THE FEDERAL RULES OF DISCOVERY".... MORE THAN 30 DAYS HAVE GONE BY AND DEFENDANTS, R. PESCHOCK, AND WILLIAM L. BOWERS, TO DATE! HAVE FAILED TO FULLY COMPLY WITH COURT ORDER OF 12.20.19; Doc#160 EACH ITEM IN PLAINTIFF REQUEST IS VITAL TO THE SUBJECT MATTER OF THE LAW SUIT, i.e. TO ILLUSTRATE THAT DEFENDANTS REPETITIVE MISCONDUCT-N-DELIBERATE IN-DIFFERENCE TO PLAINTIFF PSYCHOLOGICAL PROBLEMS ② CONTINUOUS APPEAL FOR SAFETY -N-MEDICAL CARE ③ HOW PLAINTIFF WAS PSYCHOLOGICALLY AFFECTED BY DEFENDANTS ALLEGED ABUSES, ④ DECLINE OF PLAINTIFF PHYSICAL HEALTH, ⑤ ALLEGED ABUSES BASED ON AGE-N-RACE
THE ITEMS ARE RELEVANT TO THE ALLEGATION IN THE COMPLAINT, Doc#63

8. DEFENDANTS, R. PESCHOCK AND WILLIAM L. BOWERS HAVE READILY ACCESS TO "ALL" OF THE ITEMS PLAINTIFF REQUESTED, WHICH THE COURT GRANTED, Doc#160, THEREFORE, PROVIDING, i.e. COMPLIANCE TO Doc#160, DOES NOT! CAUSE A BURDEN ON DEFENDANTS. THE DOCUMENTS CONCERNING Doc#160 ONLY CONSIST OF DOCUMENT CONCERNING THE PLAINTIFF, NOTATIONS AND COMPLAINTS WHICH DEFENDANTS, BOWERS, AND PESCHOCK "ALREADY" HAVE IN THEIR POSSESSION, AND/OR ALREADY HAVE READILY ACCESS TO, EVEN IF THE REQUEST WAS BURDENSOME, WHITES CONCERNS CAME FIRST, PLAINTIFF LIKE ALL BLACKS ALWAYS WANTING HANDOUTS, AND/OR ALREADY HAVE OBAMA CARE; PLAINTIFF REQUEST FOR DISCOVERY IS REQUIRED IF RELEVANT TO THE CASE <u>KING</u> V. <u>GEORGIA POWER CO.</u>, 50 F.R.D. 134 (N.D 1970) (EVEN IF DISCOVERY IS BURDENSOME IT WOULD BE REQUIRED IF RELEVANT TO THE CASE) THE RELEVANT OF THE DOCUMENTS SOUGHT IS DEMONSTRATED ABOVE

9. IMPOSITION OF DISCLOSURE SANCTIONS:
FRCP 37 PROVIDES THAT PARTIES MAY BRING A MOTION SEEKING SANCTIONS, RULE 37 (A)③ STATES THAT EVASIVES OR INCOMPLETE DISCLOSURES, ANSWERS, OR RESPONSES ARE TO BE TREATED AS A FAILURE TO DISCLURE. FAILURE FRCP 37(C) AUTHORIZES A SPECIFIC SANCTIONS APPLICABLE FOR FAILUES TO DISCLOSE. THIS RULE STATES THAT A PARTY WHO WITHOUT SUBSTANTIAL JUSTIFICATION FAILS TO DISCLOSE INFORMATION REQUIRED BY FRCP 26 SHALL NOT BE PERMITTED TO USE AS EVIDENCE INFORMATION NOT DISCLOSED, UNLESS THE FAILURE IS HARMLESS, THIS SANCTION RECOGNIZES THAT A PARTY WHO FAILS TO PROPERLY TO DISCLOSE INFORMATION SHALL NOT BE ABLE TO BENEFIT FROM THIS NON DISCLOSURE BY SUBSEQUENTLY RELY-
BRIEF: SUPPORT OF SANCTIONS: 3:17-CV-0070            ③

ING ON THIS INFORMATION AT TRIAL OR AT A HEARING OR IN SUPPORT OF OR OPPOSITION TO A MOTION, UNLESS A PARTY HAS A SUBSEQUENT REASON FOR SUCH FAILURE TO DISCLOSE OR UNLESS THE FAILURE DOES NOT PREJUDICE ANY PARTY. IN ADDITION TO THIS SANCTION, OTHER SANCTIONS OF FRCP 37 WILL BE AVAILABLE FOR FAILURE TO DISCLOSE INFORMATION. FRCP 37(B) OFFERS THE COURT A WIDE RANGE OF SANCTIONS THAT MAY BE IMPOSED FOR FAILURE TO COMPLY WITH AN ORDER FOR DISCOVERY; THE COURT IS GRANTED THE AUTHORITY TO ENTER SUCH ORDERS IN REGARD TO FAILURE AS ARE JUST." FRCP 37(B)(2) LISTS THE MAJOR SANCTIONS THAT ARE SPECIFICALLY AUTHORIZED: FACTS MAY BE DEEMED ESTABLISHED; EVIDENCE MAY BE BARRED; PLEADING MAY BE STRICKEN OR A DISMISSAL OR DEFAULT JUDGMENT ENTERED; A PARTY MAY BE FOUND IN CONTEMPT. ... LOCAL RULES MAY PROVIDE SUPPLEMENTARY SANCTIONS FOR NON COMPLIANCE AND MAY PROVIDE SANCTIONS FOR MISUSE OR ABUSE OF THE DISCOVERY PROCESS.

IN THIS INSTANCE DEFENDANTS, PESCHOCK-N-BOWERS OPENLY DEFIED COURT ORDER OF 12.20.19, DOC #160; NOW RETALIATING AGAINST PLAINTIFF, i.e. KNOWINGLY CAUSING PLAINTIFF PSYCHOLOGICAL PROBLEMS-N-DENIAL WORK HOURS; WHICH WARRANT SANCTIONS, WHEREBY PLAINTIFF REQUEST A SEVERE SANCTION AGAINSTS, IN THE FORM OF PLEADINGS OR A DISMISSAL OR DEFAULT JUDGMENT, WHICH WILL SERVE AS A DETERRANT TO DISOBEDIENCE OF COURT ORDER 12.20.19, DOC #160; AS WELL AS PROVIDE A PENALTY TO THE PARTY WHO HAS DISOBEYED SUCH ORDERS. NATIONAL HOCKEY LEAGUE V. METROPOLITAN HOCKEY CLUB, INC., 427 U.S. 639, 643, 96 S.CT. 2778, 2781 (1976) (NOT MERELY TO PENALIZE THOSE WHOSE CONDUCT MAY BE DEEMED TO WARRANT SUCH A SANCTION, BUT TO DETER THOSE WHO MIGHT BE TEMPTED TO SUCH CONDUCT IN THE ABSENCE OF SUCH A DETERRANT); ROBINSON V. TRANS-AMERICA INSURANCE CO., 368 F.2d 37, 39 (10th CIR 1996) (TO PROVIDE A PENALTY TO THE PARTY WHO DISOBEYED SUCH AN ORDER); BROWN V. McCORMICK, 608 F.2d 410, 414 (10th CIR 1979) (DEFAULT, FAILURE TO PROVIDE DOCUMENTS); FACTORY AIR CONDITIONING CORP. V. WESTSIDE TOYOTA, INC., 579 F.2d 334, 337-378 (5th CIR 1978); STATE OF OHIO V. AUTUR ANDERSEN + CO., 570 F.2d 1370, 1374 (10th CIR 1978) (DEFAULT); PAINE WEBBER, JACKSON + CURTIS, INC. V. INMOBILIARIA OF PUERTO RICO INC, 543 F.2d 3 (2nd CIR 1976)

10. DEFAULT AND DISMISSAL:

DEFENDANTS, PESCHOCK-N-BOWERS, HAVE IGNORED PLAINTIFF REPEATED REMINDERS, AND CURRENTLY WITH FORETHOUGHT-N-THOUGHT, IN RESPONSE TO COURT ORDER OF 12.20.19; CONTINUING RETALIATIONS, i.e. DEPRIVATION OF 1st, 8th, AND 14th AMENDMENT, TO DATE! FAILURE TO PROVIDE PLAINTIFF ITEMS THAT IS VITAL TO PLAINTIFF EXECUTION OF THE CASE. PER APPROVAL OF THE COURT, DOC 160; IN THIS INSTANCE DEFENDANT CONDUCT IS REPETITIVE AND CLEARLY TAKEN WITH KNOWLEDGE OF COURT ORDER 12.20.19. SEE, POULIS V. STATE FARM FIRE + CASUALTY CO. 747 F.2d 863, 868 (3rd CIR 1984) (PERSONAL RESPONSIBILITY, FAILURE TO ADVERSARY CAUSED BY FAILURE TO RESPOND TO DISCOVERY; WILFUL CONDUCT) I.B. 747 F.2d AT 869 FACTORS 1, 2, 4.

BRIEF: SUPPORT OF SANCTIONS 23: 17-CV-0070     (4)

11. IT IS OBVIOUS THAT DEFENDANTS CONDUCT OF NON COMPLIANCE, WHEREBY DEFENDANTS, R. PESCHOCK-N-WILLIAM L. BOWERS FAILED TO PROVIDE DOCUMENTS ALREADY APPROVED BY THE COURT, THE DOCUMENTS ARE CRUCIAL TO PROVING THE AFFECTS/PSYCHOLOGICAL AFFECTS OF BEING SEXUALLY ASSAULTED, CRUEL-N-UNUSUAL PUNISHMENT, DENIAL OF WORK HOURS, BASED ON AGE AND RACE; WAS NOT PROVIDED TO PLAINTIFF WITH THE INTENTIONS OF ASSISTING PLAINTIFF. DEFENDANTS CONDUCT WARRANT A SANCTION OF PRECLUSION ORDERS FOR DISCLOSURE VIOLATIONS PER FRCP 37(C). PLAINTIFF IS DEEPLY PREJUDICED BY DEFENDANTS NON COMPLIANCE OF ORDER OF 12.20.19, WHEREIN PLAINTIFF IS LEFT WITHOUT EVIDENCE TO SUPPORT THE CLAIMS IN THE COMPLAINT. DEFENDANTS, PESCHOCK-N-BOWERS NOT PROVIDING THE COURT APPROVED DOCUMENTS OF COURT ORDER 12.20.19, PLACES PLAINTIFF AT A INSURMOUNTABLE DISADVANTAGE DUE TO DEFENDANTS NON COMPLIANCE WITH COURT 12.20.19, TO PROVIDE PLAINTIFF WITH DOCUMENTS ALREADY APPROVED BY THE COURT ORDER OF 12.20.19. DEFENDANTS KNOWLEDGE OF COURT ORDER OF 12.20.19, AND HAVING THE CAPABILITY TO PROVIDE EACH DOCUMENT APPROVED BY THE COURT ORDER, YET TO DATE! STILL REMAIN IN A STATE OF FULL NON COMPLIANCE OF THE COURT ORDER IS BRIGHT-N-SHINING EVIDENCE THAT DEFENDANTS, PESCHOCK-N-BOWERS CONDUCT IS BEING CARRIED OUT IN "BAD FAITH". DEFENDANTS, PESCHOCK-N-BOWERS WILL BENEFIT FROM THEIR FAILURE OF NOT FULLY COMPLYING TO COURT ORDER OF 12.20.19. INT'L FIN. CO. LLC V. JABALI-JETER, 2019 U.S. DIST. LEXIS 88669 (3RD CIR MAY 28, 2019), AMG NATIONAL TRUST BANK V. RIES, 2011 U.S. DIST LEXIS 79364, WL 3099629 AT *4 (3RD CIR JULY 22, 2011), PARAMOUNT PICTURES CORP V. DAVIS, 234 F.R.D 102, 110-114 (3RD CIR 2005) COURT CONSIDERS THREE FACTORS TO DETERMINE THE APPROPRIATE SANCTION: ① THE DEGREE OF FAULT OF THE PARTY WHO ALTERED OR DESTROYED THE EVIDENCE ② THE DEGREE OF PREJUDICE SUFFERED BY THE OPPOSING PARTY, AND ③ WHETHER THERE IS A LESSER SANCTION THAT WILL AVOID A SUBSTANTIAL UNFAIRNESS TO THE OPPOSING PARTY AND WHERE THE OFFENDING PARTY IS SERIOUSLY AT FAULT, WILL SERVE TO DETER SUCH CONDUCT BY OTHERS IN THE FUTHER. NATIONAL HOCKEY LEAGUE V. METROPOLITAN HOCKEY CLUB, INC., 427 U.S. 639, 643, 96 S. CT. 2778, 2781 (1976), SCHMID V. MILWAUKEE ELEC. TOOL CORP, 13 F.3d 76, 79, (3RD CIR JUNE 21, 1993)
FAULT: DONE IN BAD FAITH: McCANN V. KENNEDY UNIVERSITY HOSPITAL, INC., 2014 U.S. DIST. LEXIS 9074; 2014 WL 282693 AT *8 (3RD CIR 2014); BULL V. UPS, 665 F.3d 68, 79 (3RD CIR SEPTEMBER 15, 2011) WHEN EVIDENCE IS "ACTUALLY SUPPRESSED" THERE IS A STRONG DEGREE OF FAULT THAT FAVORS THE IMPOSITION OF SANCTIONS; BREWER V. QUAKER STATE OIL REF. CORP. 72 F.3d 326, 334 (3RD CIR OCTOBER 19, 1995), HERE, THE EVIDENCE OF DEFENDANTS BAD FAITH AND DESIRE TO DEPRESS THE TRUTH IS STRONG
PREJUDICE BECAUSE DEFENDANTS ACTIONS CLEARLY PREJUDICE PLAINTIFF THE COURT FINDS THAT THIS FACTOR WEIGHS IN FAVOR OF SANCTIONS, GENTER CORP. V. SUTTER, 827 F. SUPP. 2d 384, 391 (3RD CIR 2011)(FINDING PREJUDICE WHERE DEFENDANTS DELETED ELECTRONICS FILES AND ERASED DATA OF THUMB DRIVES) DEFENDANTS SPOLAT-

BRIEF: SUPPORT OF SANCTIONS: 3:17-CV-0070      ⑤

ION HAS HAD ... PLAINTIFF'S ... INFORMATION AND FILES SHE TOOK WITHOUT AUTHORIZATION

PROPORTIONALITY: THERE IS NO RULE OF LAW MANDATING A PARTICULAR SANCTION UPON A FINDING OF IMPROPER DESTRUCTION OR LOSS OF EVIDENCE, RATHER SUCH A DECISION IS LEFT TO THE DISCRETION OF THE COURT, AMG NATIONAL BANK V. RIES, 2011 U.S. DIST LEXIS 79361 WL 3099629 AT *4 (3RD CIR JULY 22, 2011); PARAMOUNT PICTURES CORP V. DAVIS, 234 F.R.D 102, 111 (3RD CIR 2005); SCHMID V. MILWAUKEE ELEC TOOL CORP, 13 F.3d 76, 79 (3RD CIR JUNE 21, 1993) IN CHOOSING AN APPROPRIATE SANCTION FOR THE SPOLATION OF EVIDENCE, COURTS SHOULD SELECT THE LEAST ONEROUS SANCTION CORRESPONDING TO THE WILLFULNESS OF THE DESTRUCTIVE ACT AND THE PREJUDICE SUFFERED BY THE VICTIM

DUTY TO PRESERVE, WAS REASONABLY FORESEEABLE TO DEFENDANTS; EVIDENCE RELEVANT

12. FRCP 37(B)(2)(C) A ORDER STRIKING OUT PLEADINGS OR PARTS THEREOF, OR STAYING FURTHER PROCEEDINGS UNTIL THE ORDER IS OBEYED, OR DISMISSING THE ACTION OR PROCEEDING OR ANY PART THEREOF, OR RENDERING A JUDGMENT BY DEFAULT AGAINST THE DISOBEDIENT PARTY

13. FRCP 37(B)(2)(B) A ORDER REFUSING TO ALLOW THE DISOBEDIENT PARTY TO SUPPORT OR OPPOSE DESIGNATED CLAIMS OR DEFENSES, OR PROHIBITING THAT PARTY FROM INTRODUCING DESIGNATED MATTERS OF EVIDENCE, BABIARZ V. LANDBRAE, 2017 U.S. DIST. LEXIS 145558 (3RD ... SEPTEMBER 8, 2017); DICKENS V. DANBERG, 2017 U.S. DIST. APP LEXIS 11495 (3RD CIR JUNE 22, 2017); EMERSON V. THIEL COLL., 296 F.3d 134, 139 (3RD CIR 2002); HICKS V. FEENY 850 F.2d 152, 156 (3RD CIR 1988) (BECAUSE DISMISSAL FOR FAILURE TO PROSECUTE INVOLVES A FACTUAL INQUIRY, IT CAN BE APPROPRIATE EVEN IF SOME OF THE FACTORS ARE NOT SATISFIED)

14. POULIS V. STATE FARM FIRE + CAULTY CO., 747 F.2d 863, 868 (3RD CIR 1984) (1) THE EXTENT OF THE PARTY'S PERSONAL RESPONSIBILITY, (2) THE PREJUDICE TO THE ADVERSARY CAUSED THE FAILURE TO MEET THE SCHEDULING ORDERS AND RESPOND TO DISCOVERY; (3) A HISTORY OF DILATORINESS, (4) WHETHER CONDUCT OF THE PARTY WAS WILFUL OR IN BAD FAITH, (5) THE EFFECTIVENESS OF SANCTION, AND (6) THE MERITORIOUSNESS OF THE CLAIMS (NOT ALL OF THESE FACTORS MUST BE SATISFIED IN ORDER TO JUSTIFY DISMISSAL)

15. PLAINTIFF REQUEST THAT AT THE VERY LEAST THAT THE COURT WILL ORDER PURSUANT TO FRCP 37(B)(2)(B)(C) INTER ALIA, AN ORDER REFUSING TO ALLOW THE DISOBEDIENT PARTY TO SUPPORT OR OPPOSE DESIGNATED CLAIMS OR DEFENSES, OR PROHIBIT THAT PARTY FROM FROM INTRODUCING DESIGNATED MATTERS IN EVIDENCE ... AN ORDER RENDERING A JUDGMENT BY DEFAULT AGAINST THE DISOBEDIENT PARTY

BRIEF: SUPPORT OF SANCTIONS: 3:17-CV-0070 (6)

TAUB V. GULF OIL CORP, 99 F.R.D. 198, 200 (3rd Cir. 1982)(A PARTY WILLFULLY FAILS TO APPEAR AT DEPOSITION AND FRUSTRATES THE FUNDMENTAL PURPOSE UNDERLYING THE DISCOVERY RULES) FISHER V. DEAN WITTER REYNOLDS, INC., 526 F. SUPP 508 (E.D. PA 1981) AL BARNETT + SON V. OUTBOARD MARINE, CORP., 611 F.2d 32, 38 (3Rd CIR 1979); RIVERSIDE MEMORIAL MAUSOLEUM, INC. V. SONNEBLICK, GOLDMAN CORP, 80 F.R.D. 433, 437 (E.D. PA. 1978)(PRECLUSION ORDERS FOR DISCOVERY VIOLATIONS; CRUCIAL IMPORTANCE; NO OTHER EVIDENCE EXIST ON THE ISSUE. PLAINTIFF HAS NO OTHER MEANS TO OBTAINING THESE DOCUMENTS, AND THIS IS THE ONLY EXISTING EVIDENCE THAT WILL SUBSTANTIATE THAT DEFENDANT, BOWERS VIOLATED PLAINTIFF 1St, 8th, AND 14th AMENDMENTS BASED ON RACE; AND DEFENDANT, R. PESCHOCK VIOLATED PLAINTIFF 1St, AND 14th AMENDMENTS BASED UPON AGE. THESE DOCUMENTS WILL ILLUSTRATE DEFENDANTS, PESCHOCK-N-BOWERS ALLEGED MISCONDUCT IS STILL ON GOING, REPETITIVE, DELIBERATE INDIFFERENCE-N-EQUAL PROTECTION VIOLATIONS; AND CRUEL-N-UNUSUAL PUNISHINGMENT IN ACCORDANCE TO 1St, 8th, AND 14th AMENDMENTS... THE DOCUMENT HAS ALREADY BEEN APPROVED PER COURT ORDER 12.20.19, DOC #160

16. DEFENDANTS, R. PESCHOCK-N-WILLIAM L. BOWERS, DENIAL/NON COMPLIANCE WAS NOT SPLIT SECOND DECISIONS, SEE DOC #63 AT 34; 47; 49-66; 199-202; 212; 213; 223-226; 263-265; 271-275; 281; 324; 349; 350; 366-368; 381; 387-393

17. N.B. DEFENDANTS, R. PESCHOCK AND WILLIAM L. BOWERS ALREADY HAVE IN THEIR POSSESSION, AND/OR HAVE THE CAPABILITY TO PROVIDE THE DOCUMENTS PER ORDER OF 12.20.19. THESE DOCUMENTS DO NOT! EXIST ANYWHERE ELSE, AND THE DOCUMENTS ARE CRUCIAL TO PLAINTIFF PROSECUTION OF THE ALLEGATIONS OF PLAINTIFF 1St, 8th, AND 14th AMENDMENTS. CLAIMS

18. IN LIGHT OF THE FOREGOING PLAINTIFF MOTION FOR SANCTION FOR THE FAILURE TO COMPLY WITH COURT ORDER, DATED 12.20.19, DOC #160

PURSUANT TO 28 USC §§1746 I CERTIFY UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS 27 DAY FEBRUARY 2020, AT SCI-SOMERSET, IN SOMERSET, PA.

"RESPECTFULLY SUBMITTED"
S/ Henry Unseld Washington
HENRY UUNSELD WASHINGTON
AM-3086
PRO SE

DATE: 2.27.20

BRIEF: SUPPORT OF SANCTIONS: 3:17-CV-0070   (7)