IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

Henry Unseld Washington,

        Plaintiff,

   vs.

Jonathan Barnhart, Dr. Robinson, Richard
Irwin, Mark Mayle, Dr. Hutchinson, J.
Stramat, Angela Johnston, Roxanne Playso,
Brian P. Hyde, Tesa Adelekan, B. Costea, Lt.
Cinko, J. R. Mcdonnell, M. J. Foster, K.
Turner, William Bowers, Phillip Maust, Heidi
Sroka, Robert Snyder, R. Peschock, J. Girone,
and Ellis Kauffman,

        Defendants.

CIVIL DIVISION

3:17-cv-00070-KRG-LPL

Code:

Issue No:

**MOTION FOR SUMMARY
JUDGMENT ON BEHALF OF MARK
MAYLE, MD**

Filed on Behalf of Mark Mayle, Defendant

Counsel of Record for this Party:

M. Brian O'Connor, Esquire
PA I.D. 56795

Julia F. Kurtz, Esquire
PA I.D. 322913

MATIS BAUM O'CONNOR
Firm #983
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

JURY TRIAL DEMANDED
*Electronically Filed*

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Henry Unseld Washington, | CIVIL DIVISION |
| Plaintiff, | 3:17-cv-00070-KRG-LPL |
| vs. | Code: |
| Jonathan Barnhart, Dr. Robinson, Richard Irwin, Mark Mayle, Dr. Hutchinson, J. Stramat, Angela Johnston, Roxanne Playso, Brian P. Hyde, Tesa Adelekan, B. Costea, Lt. Cinko, J. R. Mcdonnell, M. J. Foster, K. Turner, William Bowers, Phillip Maust, Heidi Sroka, Robert Snyder, R. Peschock, J. Girone, and Ellis Kauffman, | |
| Defendants. | |

## MOTION FOR SUMMARY JUDGMENT ON BEHALF OF MARK MAYLE, MD

AND NOW, comes Defendant Mark Mayle, M.D., by and through his counsel, M. Brian O'Connor, Esquire, Julia F. Kurtz, Esquire, and Matis Baum O'Connor, pursuant to Federal Rule of Civil Procedure 56, U.S. Dist. Ct. Rule W.D.Pa.L.R. 56 and this Honorable Court's Order of May 15, 2020 (ECF 184), and hereby moves this Honorable Court to enter summary judgment in his favor and dismiss all claims against him with prejudice. Dr. Mayle's Memorandum in Support, Concise Statement of Material Facts, and Appendix have been filed contemporaneously hereto and are incorporated herein by reference as though fully set forth below. Dr. Mayle hereby moves this Honorable Court to enter summary judgment, as follows:

## I.      RELEVANT PROCEDURAL HISTORY

1.      The Plaintiff in this matter, Henry Unseld Washington, is an inmate incarcerated at State Correctional Institution Somerset.

2.      On May 18, 2017, Plaintiff filed his original Complaint in the Western district. ECF No. 11.  On December 7, 2018, Plaintiff filed his Amended Complaint. ECF No. 63.

3.      On October 2, 2019, this Honorable Court entered an order directing the United States Marshal to complete service upon Dr. Mayle. ECF No. 116.

4.      On December 7, 2018, Plaintiff filed his Amended Complaint. ECF No. 63. Plaintiff's fifty-page, 402 paragraph Amended Complaint, Plaintiff alleges that many health care providers, including Mark Mayle, MD, violated his rights under the Eighth, Fourteenth, and First Amendments. ECF No. 63.

5.      On January 21, 2020, Dr. Mayle filed a Motion to Dismiss. ECF No. 165-66.

6.      On April 20, 2020, the Honorable Judge Lenihan issued a Report and Recommendation that Dr. Mayle's Motion to Dismiss be granted in part and denied in part. ECF No. 180. On May 12, 2020, this Honorable Court adopted Judge Lenihan's Report and Recommendation as the Opinion of the Court. ECF No. 183.

7.      On June 1, 2020, Dr. Mayle filed a Motion to Strike Plaintiff's Certificate of Merit as to Mark Mayle, MD. ECF No. 186-88. On June 30, 2020, this Honorable Court granted Dr. Mayle's Motion to Strike in part and denied it in part. ECF No. 200. This Order stated any negligence claims against Dr. Mayle were stricken. Id.

8.      The only remaining claims against Dr. Mayle are Eighth Amendment Deliberate Indifference and Fourteenth Amendment Equal Protection. Id.

9.      With regard to the Eighth Amendment claims, Plaintiff alleges that, on May 15, 2015, Dr. Mayle performed laser eye surgery on his right eye that resulted in bloody discharge and vision loss and failed to provide subsequent surgery to the same eye. ECF No. 63 at ¶¶ 7, 81-82, 114-15.

10.     Plaintiff claims that Dr. Mayle, who was allegedly motivated by racial enmity, violated his Fourteenth Amendment rights when he did not complete the subsequent surgery on Plaintiff's right eye after he was transferred to a different prison, while white inmates were returned to Dr. Mayle for surgery. ECF No. 63 at ¶ 400.

## II.     FACTS

11.     On September 30, 2014, Plaintiff presented to the offices of Dr. Mayle for a cataract evaluation. Exh. B at MBO 10. Mr. Washington's best visual acuity with refractive correction was 20/200 in his right eye (OD) and 20/50 in his left (OS). Exh. B at MBO 12. Dr. Mayle determined that the patient had dense cataracts in both eyes (OU), and he required cataract extraction in his right eye (OD). Exh. B at MBO 23.

12.     On November 4, 2014, a pre-operation history and physical was done, and the patient was cleared for a cataract extraction on his right eye. Exh. B at MBO 24. Mr. Washington executed a consent form for the monofocal intraocular lens (IOL) and glasses option. Exh. B at MBO 7. The consent form explains that, "If a Monofocal IOL is implanted, either distance or reading glasses or contacts will be needed after cataract surgery for adequate vision." Exh. B at MBO 4.

13.     On November 17, 2014, Dr. Mayle performed an extracapsular cataract extraction (phacoemulsification) with posterior chamber intraocular lens implant on Mr. Washington's right eye (OD). Exh. B at MBO 40-41. The procedure was complex, due to the hypermature nature of the cataract, but went well with no known complications arising as a result of the procedure. Exh. B at MBO 41.

14.     On November 24, 2014, Dr. Mayle evaluated the patient again. Exh. B at MBO 16. His vision measured 20/70 in his right eye (OD). *Id.* At this visit, Dr. Mayle noted that three

sutures were exposed, and the iris was becoming incarcerated into the cataract surgery wound

(CSW). *Id.* Dr. Mayle indicated that a revision was required. Dr. Mayle discussed with Mr.

Washington that he would require another procedure to resolve the wound. Exh. B at MBO 17.

15.     On February 3, 2015, Mr. Washington attended an office visit with Dr. Mayle. Exh.

B at MBO 18. Dr. Mayle examined the patient and obtained a history and physical. *Id.* Mr.

Washington was cleared for surgery to correct the iris wound in his right eye (OD). Exh. B at

MBO 18, 28.  Mr. Washington executed consent forms for the procedure. Exh. B at MBO 18.

The consent form indicates that some of the known risks for this type of procedure include

bleeding, pain, loss of eye and vision. Exh. B at MBO 8-9.

16.     On February 16, 2015, Dr. Mayle performed a wound revision with repositioning of

the iris tissue on the patient's right eye (OD). Exh. B at MBO 45-46.  The procedure went well,

without any known complications arising from the procedure. *Id.*

17.     On May 5, 2015, Dr. Mayle performed a comprehensive exam on Mr. Washington to

monitor the patient's lens in his right eye (OD). Exh. B at MBO 21. Mr. Washington's vision

without refractive correction (sc) was 20/200 in his right eye (OD) and 20/50+2 in his left eye

(OS). *Id.* Mr. Washington's vision with refractive correction was 20/50 in his right eye (OD) and

20/NI (no improvement) in his left eye (OS). *Id.*

18.     Dr. Mayle's consultation notes included a notation that Mr. Washington's vision after

the surgery and wound revision in his right eye (OD) was slightly nearsighted with an

astigmatism. Exh. B at MBO 32. Dr. Mayle's consultation notes also included that the patient had

mild posterior capsular opacity (PCO) and would require a re-check in the fall. *Id.*

19.     Importantly, Dr. Mayle's consultation notes documented that the patient would

require glasses to correct the posterior capsular opacity (PCO). *Id.*

20.     On or near July 14, 2015, Mr. Washington was transferred from SCI Greene, located in Waynesburg, PA, to SCI Somerset, located in Somerset, PA. ECF 63 at ¶ 400.

21.     When an inmate is transferred to a different facility, the receiving facility assumes medical responsibility for the inmate prior to transfer. Exh. D at 17-8 (Policy 13.02.01 § 17.B.7.c).

### III.   ARGUMENT

22.     Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

23.     Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

24.     Plaintiff has failed to adduce any evidence whatsoever to show that Dr. Mayle acted with deliberate indifference.

25.     Even if Plaintiff could point to any evidence, no genuine issue of material fact exists because the record demonstrates that Dr. Mayle appropriately treated Plaintiff and demonstrated professional judgment at all times.

26.     Further, Plaintiff has failed to discovery any evidence to establish a genuine issue of material relating to Plaintiff's Fourteenth Amendment Equal Protection claims.

27.     Plaintiff has not come forward with any evidence that other individuals who were similarly situated to Plaintiff were treated differently by Dr. Mayle. Further, Plaintiff has come

forward with no evidence that Dr. Mayle's actions or inactions were driven by racial

discrimination.

## V.    CONCLUSION

28.    Dr. Mayle is entitled to judgment as a matter of law because Plaintiff has failed to

"go beyond the pleadings" and point to any specific facts that demonstrate Dr. Mayle allegedly

treated him with deliberate indifference or violated his Fourteenth Amendment rights.

29.    At all times, Dr. Mayle provided Plaintiff with timely and appropriate medical care.

Dr. Mayle extracted the cataract in Plaintiff's right eye, and he revised a wound that developed.

Dr. Mayle's surgeries improved Plaintiff's vision in his right eye, and the remaining vision

deficits can be corrected with eyeglasses, which Plaintiff refuses.

30.    Additionally, Plaintiff has failed to show either that he was treated differently than

similarly situated individuals or that Dr. Mayle's actions and/or inactions were racially-

motivated.

31.    Plaintiff will bear the burden of proof at trial, and he has failed to support his

pleadings with anything other than unsupported assertions or conclusory allegations.

32.    Therefore, even when drawing all inferences in favor of Mr. Washington, there is no

genuine dispute as to any material fact.

33.     Dr. Mayle is entitled to judgement as a matter of law and dismissal from all claims

with prejudice.

WHEREFORE, Defendant, Mark Mayle, MD, respectfully requests that this Honorable

Court grant his Motion for Summary Judgment and dismiss all claims against him with

prejudice.



MATIS BAUM O'CONNOR
*Electronically Filed*



By:   */s/ Julia F. Kurtz*
        M. Brian O'Connor, Esquire
        PA I.D. 56795
        Julia F. Kurtz, Esquire
        PA I.D. 322913
        Attorneys for Mark Mayle, MD

Matis Baum O'Connor
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

## CERTIFICATE OF COMPLIANCE

I, the undersigned, hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

MATIS BAUM O'CONNOR
*Electronically Filed*

By:  */s/ Julia F. Kurtz*
     M. Brian O'Connor, Esquire
     PA I.D. 56795
     Julia F. Kurtz, Esquire
     PA I.D. 322913
     Attorneys for Mark Mayle, MD

Matis Baum O'Connor
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am this day serving a true and correct copy of the foregoing Motion for Summary Judgment on behalf of Mark Mayle, MD upon all counsel of record this 1st day of September, 2020, via the Electronic Filing System and by United States, First-class mail, postage prepaid, to the following:

> Henry Unseld Washington
> Inmate No. AM-3086
> S.C.I. Somerset
> P.O. Box 33028
> St. Petersburg, FL 33733
> PRO SE

MATIS BAUM O'CONNOR
*Electronically Filed*

By: */s/ Julia F. Kurtz*
      M. Brian O'Connor, Esquire
      PA I.D. 56795
      Julia F. Kurtz, Esquire
      PA I.D. 322913
      Attorneys for Mark Mayle, MD

Matis Baum O'Connor
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750